## COHN v. WOLFF.

(Supreme Court, Appellate Term.   March 5, 1909.)

BAILMENT (§ 16*)—CONVERSION BY BAILEE—ACTIONS—DAMAGES—EVIDENCE.
    In an action for conversion of unbound books delivered to defendant for binding, evidence as to the retail price of the books, without proof of public demand therefor or net profits per volume, does not constitute a proper measure of damages, so as to authorize a recovery.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 74;  Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Morris Cohn against Harris Wolff.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

House, Grossman & Vorhaus, for appellant.
Harry Robitzek, for respondent.

PER CURIAM. . Plaintiff recovered $500 upon a complaint alleging that defendant received from Joseph Cohen (plaintiff's assignor) 2,000 printed copies or sheets of unbound books, for the purpose of binding at a specified price, but delivered only 1,365 thereof, and converted the remaining 635 copies, to plaintiff's damages $500.  The answer alleged the binding and delivery of all the complete sheets and payment therefor, and that any incomplete sets of sheets were held for a reasonable time subject to the order of Joseph Cohn.

The testimony is voluminous, but preponderates in defendant's favor to the effect that the sheets received from the Empire Storage Company about November, 1906 (being those in controversy here) were soiled, mice-eaten, and defective from the absence of quite a number of pages, of all of which Joseph Cohn was duly notified.  The evidence as to damages was based upon retail sales of the books at $1.50 to $2 each, without proof of public demand therefor, or any statement of the actual total cost of production, including necessary business expenses or net profits per volume, so that the proper measure of damages was not furnished, even if plaintiff was entitled to recover, which he was not, as above indicated.  The literary excellence of the work, "Gems from the Midrash or Hebrew Literature for Schools and Homes, Written in English and German in a Most Interesting and Attractive Style of Poetry, by Joseph Cohn" (Exhib-

it 2, discussed in respondent's brief), may be illustrated by the following stanzas:

> "The wine had been absorbed in the ground,
> For 'tis its nature of soak in the soil,
> Whilst the oil you can see floating around,
> As mingling is not the nature of oil."

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

> "Despite all that in secret the lovers wed,
> And lived most happily in their poor homestead,
> Akila wished her father to reconcile,
> To be their equal resolved to make a trial."

Though the reading public has thus far been deprived of these 600 copies, that fact forms no element of damage.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.